IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMAN LEE MICHAEL WANDKE,<br><br>          Plaintiff,<br><br>     vs.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br><br>          Defendant. | **NO.  2:22-cv-00396**<br><br>**COMPLAINT FOR<br>DECLARATORY<br>AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND** |

COMES NOW, Plaintiff, Daman Lee Michael Wandke, by and through his attorneys at Washington Civil & Disability Advocate for his Complaint for Declaratory and Injunctive Relief to state and allege as follows:

## I.     INTRODUCTION

1.     The Americans with Disabilities Act (the "ADA") and the Washington Law Against Discrimination ("WLAD") require places of public accommodation and public entities to be accessible to people with disabilities.

2.     Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   ADA, 42 U.S.C. §§ 12131 et seq.

2        3.     ADA laws and regulations were enacted into law in 1990, over 30 years ago, to

3   protect civil rights of persons with mobility and other disabilities.

4        4.     AMTRAK discriminates against individuals with disabilities because AMTRAK

5   operates a public entity that does not comply with ADA laws and regulations or the WLAD, and

6   thus Mr. Wandke brings this action to end the civil rights violations committed by Defendant

7   AMTRAK against persons with mobility disabilities.

8   **II.**     **PARTIES**

9        5.     Plaintiff Daman Wandke is a Washington resident and resides in this district.

10       6.     Mr. Wandke has difficulty walking and uses a wheelchair for transportation.  Mr.

11  Wandke requires ADA compliant accessible transportation in order to travel effectively.

12       7.     Mr. Wandke lives in Bellingham and has used AMTRAK in the past and will

13  need to use AMTRAK transportation in the future in order to patronize businesses, attend events,

14  as well as to visit members of his family who live in other more southerly parts of Washington

15  State.

16       8.     Defendant National Railroad Passenger Corporation doing business as Amtrak

17  ("AMTRAK") is a foreign corporation public entity which operates in the state of Washington.

18  **III.**     **JURISDICTION AND VENUE**

19       9.     This court has jurisdiction pursuant to 28 U.S.C. § 1331, which gives district

20  courts original jurisdiction over civil actions arising in the Constitution, laws, or treaties of the

21  United States.

22       10.     This court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which gives district

23  courts jurisdiction over actions to secure civil rights under Acts of Congress in that this case

Complaint for Declaratory and Injunctive Relief     WASHINGTON CIVIL & DISABILITY ADVOCATE
**Page 2 of 15**     4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    arises under federal statutes including 42 U.S.C. §§ 12101 et seq., and 29 U.S.C. § 794(a).

2        11.    This court has jurisdiction pursuant to 28 U.S.C. § 1367, which gives district

3    courts supplemental jurisdiction over state law claims.

4        12.    Venue is appropriate in this judicial district under 28 U.S.C. § 1391 because the

5    practices and procedures that gave rise to Mr. Wandke's Complaint for Injunctive Relief and

6    Damages occur in this district and AMTRAK's public entity operates within this district.

7                        IV.    FACTUAL ALLEGATIONS

8        13.    The ADA was enacted in 1990, "[t]o establish a clear and comprehensive

9    prohibition of discrimination on the basis of disability," and prohibits public entities from

10   providing separate or unequal benefits and services to individuals with disabilities.

11       14.    Thus, Title II of the ADA states in relevant part: "no qualified individual with a

12   disability shall, by reason of such disability, be excluded from participation in or be denied the

13   benefits of the services, programs, or activities of a public entity, or be subjected to

14   discrimination by any such entity." 42 U.S.C. § 12132.

15                              Plaintiff

16       15.    Plaintiff Daman Wandke resides in Bellingham, Washington, has traveled

17   throught Washington using AMTRAK public transportation multiple times in the past and

18   intends to in the future  for shopping, dining, entertainment, social engagements, and well as

19   periodically for medical visits.

20       16.    Mr. Wandke is limited in the major life activity of walking and requires the use of

21   mobility devices such as a power wheelchair and forearm crutches and is thus a person with a

22   disability within the meaning of Title II of the ADA and the WLAD.

23                              Defendant

Complaint for Declaratory and Injunctive Relief

**Page 3 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

17.     Mr. Wandke was unable to use AMTRAK's  rail service due to AMTRAK's failure to reasonably accommodate Mr. Wandke's disability.

18.     AMTRAK does not comply with the ADA's laws and regulations under 42 U.S.C. § 12182.

19.     In December of 2019, Mr. Wandke reserved an AMTRAK trip on Saturday December 21st from Bellingham to Tacoma using the vouchers he had received from a previous disability dispute with AMTRAK[1].

20.     Mr. Wandke informed AMTRAK, and AMTRAK was aware that Mr. Wandke needed and would be using a power chair for mobility during his December 21st, 2019 trip.

21.     On Friday December 20th, Mr. Wandke became aware that there was a modification to his trip. He waited on hold for an AMTRAK agent and was informed that there were mudslides in Tacoma.

22.     The AMTRAK agent further informed Mr. Wandke that his trip would be modified. This modification consisted of the usual train from Bellingham to Seattle, and then AMTRAK had arranged a bus from Seattle to Tacoma to fulfill Mr. Wandke's reservation.

23.     The AMTRAK agent assured Mr. Wandke that his reservation indeed included that he needed and would be using a power chair, and thus that Accessible transportation from Seattle to Tacoma had already been arranged by AMTRAK.

24.     On December 21st, 2019, At the Bellingham Station, an AMTRAK

---

[1] In early 2019, Mr. Wandke purchased an AMTRAK ticket to travel from Edmonds, WA to Bellingham, WA. When he booked the ticket, Mr. Wandke indicated that he would be using mobility aids (forearm crutches).  An AMTRAK attendant told Mr. Wandke that AMTRAK had cancelled the tickets only of those passengers that had indicated they used a wheelchair.  Mr. Wandke was given the option of climbing the steep steps or finding a different way home.  Mr. Wandke climbed the steps with his mobility aids, but not without putting himself at risk. AMTRAK and Mr. Wandke settled this dispute out of court and AMTRAK provided Mr. Wandke AMTRAK ticket vouchers as compensation.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   representative, who on information and belief was named Mary, checked Mr. Wandke's

2   reservation again and assured Mr. Wandke there would be an accessible bus in Seattle when Mr.

3   Wandke arrived. Mr. Wandke then boarded the train.

4       25.    Mr. Wandke was already on the train from Bellingham to Seattle and in transit

5   when an AMTRAK representative informed him that AMTRAK did not have an accessible bus

6   prepared. The AMTRAK representative informed Mr. Wandke that it had arranged for an

7   accessible taxi to take him to the Tacoma train station.

8       26.    After Mr. Wandke got off that train in Seattle, he waited 20 minutes for his

9   checked luggage in inclement weather.

10       27.    After waiting for his luggage, an AMTRAK representative then said they would

11   call for an accessible taxi and it had not previously been arranged.  On information and belief,

12   the company AMTRAK called was Yellow Cab. Another power chair user was also waiting for

13   an accessible taxi AMTRAK had promised would take her to her destination of Olympia.

14       28.    The AMTRAK representatives at the Seattle train station told Mr. Wandke and

15   the other passenger in a power chair they were calling only one accessible taxi for both

16   passengers and that AMTRAK was going to fit both Mr. Wandke and the other power chair

17   using passenger in the single accessible taxi.

18       29.    Mr. Wandke told the AMTRAK representative that it is not possible to fit two

19   wheelchairs in one accessible taxi and that it would not be safe.  The AMTRAK representative

20   either ignored or disregarded Mr. Wandke's concern.

21       30.    The average power chair can weigh between 50 lbs. and 250 lbs. An accessible

22   taxi accommodates a wheelchair or power chair using a ramp or a passenger lift to assist the

23   wheelchair user with getting into the vehicle, which is far easier than transferring from a

Complaint for Declaratory and Injunctive Relief

**Page 5 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

wheelchair to a car seat and dismantling the wheelchair for the journey. As wheelchairs are carefully designed to support a disabled person, wheelchair-accessible taxis allow disabled people to stay in the position that is best for their body and posture. Wheelchair-accessible taxis also are equipped to secure the wheelchair when the cab is in motion. This ensures safety for everyone, keeping the chair still and the user stationery. An accessible taxi, as opposed to an accessible van, is not able to accommodate more than one wheelchair or power chair user.

31.     Mr. Wandke waited another 20 minutes more for the one accessible taxi the representatives promised when the AMTRAK representative informed Mr. Wandke and the other power chair using passenger that it would be at least another 40 minutes before the single accessible taxi for the two of them arrived.

32.     By this point, all other ambulatory passengers had departed on an AMTRAK provided bus and been taken to the Tacoma train station.

33.     Mr. Wandke knew that a single accessible taxi would not fit two power chairs and that ultimately whenever the accessible taxi did arrive, he and the other power chair using passenger would have to decide who would get the taxi and who would have to wait however long AMTRAK would take to provide another one. He spoke to the other power chair user and found out that she had no other option than to wait for AMTRAK to provide transportation.

34.     At this point, Mr. Wandke was forced to make alternate transportation arrangements as AMTRAK had failed to do so in a reasonable time and had disregarded his safety concerns. Mr. Wandke could not wait for hours in the rain for transportation he knew would be unsafe.  Mr. Wandke strapped his luggage to his wheelchair with difficulty and some assistance by an AMTRAK representative, and traveled to the Seattle ferry via light rail.

35.     He boarded the ferry from Seattle to Bainbridge Island where his mother could

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1    pick him up and take him to her home.  Mr. Wandke ultimately did not make it to his event in

2    Tacoma, as there was no alternative transportation which could bring him to his destination in a

3    reasonable time.

4        36.    Mr. Wandke requires compliant accessible transportation in order to use

5    AMTRAK.  On his first trip using the vouchers he had received from AMTRAK In another

6    disability discrimination dispute, Mr. Wandke was discriminated against again.

7        37.    AMTRAK discriminated against Mr. Wandke because it did not comply with the

8    ADA's laws and regulations.  AMTRAK failed to reasonably accommodate Mr. Wandke and

9    denied Mr. Wandke full and equal enjoyment and even participation in their rail service as

10   described above.

11       38.    On information and belief, AMTRAK knew of the mudslides on December 20th,

12   2019 and similarly failed on that date to reasonably accommodate another passenger who used a

13   wheelchair by not planning to provide alternate transportation to the level of walking passengers

14   when the train would stop mid-trip.

15       39.    The failure of AMTRAK to make the reasonable accomodations necessary to

16   comply with the ADA's laws and regulations denied Mr. Wandke the opportunity to fully and

17   equally enjoy, participate in, and benefit from AMTRAK's rail transportation goods, services,

18   facilities, privileges, advantages, and accommodations.

### V.    FIRST CAUSE OF ACTION
**Title II of the Americans with Disabilities Act of 1990**
**42 U.S.C. § 12101 *et seq.***

21       40.    Mr. Wandke incorporates by reference the allegations in the paragraphs above.

22       41.    Mr. Wandke is limited in the major life activity of walking and is thus an

23   individual with a disability within the meaning of Title II of the ADA.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

42.     Defendant NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK") is specifically identified in Section 201(1)(C) of the Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §§ 12131(1)(C), as a public entity for purposes of Title II of the ADA, 42 U.S.C. §§ 12131 et seq.

43.     Title II of the ADA prohibits, inter alia, public entities from discriminating against individuals with disabilities on the basis of disability by subjecting them to discrimination, excluding them from participation in, or denying or otherwise limiting them in the benefits of the services, programs or activities of the public entity.

44.     Defendant AMTRAK has violated Title II of the ADA by, *inter alia,* denying Plaintiff Wandke effective alternate transportation on the basis of his disability while all other walking passengers were provided with effective alternate transportation.

45.     AMTRAK's discriminatory conduct includes but is not limited to:

   a.     Discriminatory exclusion and/or denial of goods, services, facilities, privileges, advantages, accommodations, and/or opportunities;

   b.     Provision of goods, services, facilities, privileges, advantages, and/or accommodations that are not equal to those afforded non-disabled individuals;

   c.     Failing to make reasonable modifications in policies, practices, and/or procedures as necessary to afford the goods, services, facilities, privileges, advantages, and/or accommodations to individuals with disabilities;

46.     At all times relevant, AMTRAK knew that maintaining policies that deny travel on the basis of disability, and denying travel on the basis of disability implicated federal civil rights of individuals with disabilities.

Complaint for Declaratory and Injunctive Relief

**Page 8 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

47.     Specifically, AMTRAK demonstrated its knowledge of its legal obligations in its nondiscrimination policy found at www.amtrak.com which states in relevant part: "In compliance with state and federal laws and regulations, including the Americans with Disabilities Act (ADA), Amtrak prohibits discrimination on the basis of disability in its programs, services, and activities for the public."

48.     Before Mr. Wandke's trip on December 21, 2019, AMTRAK assured Mr. Wandke that AMTRAK knew Mr. Wandke used a power wheelchair and due to the mudslides, that alternate accessible transportation had been arranged.

49.     Defendant AMTRAK failed to provide safe and effective alternate accessible transportation as it did with ambulatory passengers.

50.     Therefore, in denying Mr. Wandke access to its services on the basis of disability, AMTRAK acted with deliberate indifference to Mr. Wandke's federally protected rights.

51.     Furthermore, AMTRAK put Mr. Wandke's safety at risk when an AMTRAK Representative informed Mr. Wandke that they intended to force fit two wheelchairs in one accessible taxi over his safety objections. This statement effectively left him stranded in inclement weather at the train station in Seattle

52.     As such, AMTRAK discriminates and, in the absence of the injunction requested herein, will continue in the future to discriminate against Mr. Wandke on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities on AMTRAK's rail transportation services in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12133 and rights set forth in 29 U.S.C. § 794a et seq. and/or its implementing regulations.

53.     AMTRAK's discriminatory conduct as has harmed Mr. Wandke, and the harm

1   continues as he has need of AMTRAK's services.

2       54.    AMTRAK's discriminatory conduct entitles Mr. Wandke to declaratory and

3   injunctive relief. 42 U.S.C. § 12188.

4       55.    AMTRAK's discriminatory conduct entitles Mr. Wandke to recover reasonable

5   attorneys' fees and costs incurred in bringing this action. 42 U.S.C. § 12205.

6       56.    AMTRAK's deliberate indifference to even its own publicly stated policies

7   entitles Mr. Wandke to compensatory monetary damages under Title II of the ADA.

## VI.   SECOND CAUSE OF ACTION
### (Section 504 of the Rehabilitation Act of 1973)
### 29 USC §794

10       57.    Mr. Wandke incorporates by reference the allegations in the paragraphs above.

11       58.    The Rehabilitation Act of 1973 was enacted in part to further a policy of

12   promoting "respect for the privacy, rights, and equal access (including the use of accessible

13   formats), of the individuals [with disabilities]."29U.S.C.§701(c)(2).

14       59.    Mr. Wandke is limited in the major life activity of walking and is thus an

15   individual with a disability as defined by Section 504.

16       60.    At all times relevant to this action, Defendant AMTRAK received federal

17   financial assistance and is therefore subject to Section 504 of the Rehabilitation Act of 1973, 29

18   U.S.C. § 794(a) ("Section 504"), and the federal regulations promulgated thereunder.

19       61.    Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified

20   individual with a disability ... shall, solely by reason of her or his disability, be excluded from the

21   participation in, be denied the benefits of, or be subjected to discrimination under any program or

22   activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

23       62.    The Rehabilitation Act extends relief to "any person aggrieved" by discrimination

Complaint for Declaratory and Injunctive Relief

**Page 10 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

in violation thereof. 29 U.S.C. § 794(a)(2).

63.     The conduct previously alleged in this complaint violates Section 504, and the federal regulations promulgated thereunder.

64.     AMTRAK denied Mr. Wandke access to its services by refusing to provide safe alternative accessible transportation solely on the basis of his disability.

65.     As a condition of receiving federal financial assistance, AMTRAK agreed not to discriminate on the basis of disability.

66.     At all times relevant, AMTRAK knew that maintaining policies that deny access to travel on the basis of disability and denying travel on the basis of disability implicated federal civil rights of those with disabilities.

67.     Specifically, AMTRAK demonstrated its knowledge of its legal obligations in its nondiscrimination policy found at www.amtrak.com which states in relevant part: "In compliance with state and federal laws and regulations, including the Americans with Disabilities Act (ADA), Amtrak prohibits discrimination on the basis of disability in its programs, services, and activities for the public."

68.     In December of 2019, Mr. Wandke booked an AMTRAK trip on Saturday December 21st from Bellingham to Tacoma using the Vouchers he had received from a previous disability dispute with AMTRAK.

69.     Mr. Wandke informed AMTRAK, and AMTRAK was aware that Mr. Wandke needed and would be using a wheelchair for mobility during his December 21st, 2019 trip.

70.     Before Mr. Wandke's trip on December 21st, 2019, AMTRAK assured Mr. Wandke that AMTRAK knew Mr. Wandke uses a power wheelchair, and due to the mudslides, alternate accessible transportation had been arranged for him.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

71.     Defendant AMTRAK failed to provide safe alternate accessible transportation as it did with passengers who do not require a wheelchair.

72.     Therefore, in denying Mr. Wandke access to its services on the basis of disability, AMTRAK acted with deliberate indifference to Mr. Wandke's federally protected rights.

73.     Pursuant to the remedies, procedures, and rights set forth in 29 U.S.C. § 794a, Mr. Wandke prays for judgment as set forth below.

74.     In doing the acts and omissions alleged herein, Defendant AMTRAK knew or should have known that its conduct was discriminatory and failed to provide Mr. Wandke AMTRAK transportation on the basis of his disability.

## VII.    THIRD CAUSE OF ACTION
### Violation of the Washington Law Against Discrimination
### (R.C.W. §§ 49.60.010 et seq.)

75.     Mr. Wandke incorporates by reference the allegations in the paragraphs above.

76.     Mr. Wandke is an individual with a disability within the meaning of the Washington Law Against Discrimination.

77.     Under § 49.60.030(1) of the Revised Code of Washington provides in pertinent part: "The right to be free from discrimination because of . . . the presence of any sensory, mental, or physical disability . . . is recognized as and declared to be a civil right.  This right shall include, but not be limited to: . . . (b) The right to the full enjoyment of any of the accommodations, advantages, facilities, or privileges of any place of public resort, accommodation, assemblage, or amusement . . . "

78.     AMTRAK has violated and continues to violate §§ 49.60.010 *et seq.* of the Revised Code of Washington by violating multiple accessibility requirements under the ADA.

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

79.   AMTRAK's actions constitute discrimination against persons with disabilities and violate the Washington Law Against Discrimination, Revised Code of Washington § 49.60.010 et seq., in that persons with mobility disabilities have been and are still denied full and equal enjoyment of the accommodations, advantages, facilities, privileges, and services that AMTRAK provides to individuals who do not have disabilities.

80.   As a direct and proximate result of AMTRAK's discriminatory conduct as alleged in this Complaint, Mr. Wandke has suffered and continues to suffer difficulty, hardship, isolation, and segregation due to AMTRAK's failure to reasonably accommodate individuals with disabilities. Out of concern for his safety and the past discrimination he has received, Mr. Wandke has severely limited his travel on AMTRAK to the extent that his prior AMTRAK vouchers have expired without being used.

81.   AMTRAK's discriminatory conduct as alleged in this Complaint has denied Mr. Wandke the full and equal enjoyment of services that the Washington Law Against Discrimination requires.

82.   Mr. Wandke has a clear legal right to access public transportation operated by AMTRAK under the Washington Law Against Discrimination.

83.   Mr. Wandke has the right for AMTRAK to comply with the ADA's laws and regulations under the Washington Law Against Discrimination.

84.   AMTRAK did not comply with ADA laws and regulations.

85.   Because AMTRAK does not comply with the ADA's laws and regulations, declaratory and injunctive relief are appropriate remedies under the Washington Law Against Discrimination. *See e.g. Kucera v. Dep't of Transp.*, 140 Wash. 2d 200, 209 (2000).

86.   Pursuant to RCW § 49.60.030(2), Mr. Wandke is entitled to declaratory and

Complaint for Declaratory and Injunctive Relief

**Page 13 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558

1   injunctive relief and to recover from AMTRAK his reasonable attorneys' fees and costs incurred

2   in bringing this action.

3

4

5

6                              **VIII.   PRAYER FOR RELIEF**

7        WHEREFORE, Mr. Wandke respectfully requests that this Court:

8        1.      Assume jurisdiction over this action;

9        2.      Find and declare Defendant Amtrak to be in violation of Title II of the Americans

10  with Disabilities Act, 42 U.S.C. § 12181, et seq., Section 504 of the Rehabilitation Act of 1973,

11  and the Washington Law Against Discrimination, Wash. Rev. Code §§ 49.60.010 et seq. because

12  AMTRAK does not comply with the ADA's accessibility laws and regulations;

13      3.      Issue a permanent injunction ordering AMTRAK to immediately implement the

14  necessary improvements to bring AMTRAK into compliance with the ADA and WLAD's laws

15  and regulations;

16      4.      Award Mr. Wandke equitable relief and compensatory monetary damages

17  pursuant to Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, and Washington

18  Law Against Discrimination;

19      5.      Award Mr. Wandke Costs, reasonable attorney's fees, and other litigation

20  expenses as authorized by 42 U.S.C. § 12205, Rehabilitation Act of 1973 in § 794a(2)(b), and

21  Wash. Rev. Code§ 49.60.030(2);

22      6.      Award actual, compensatory, and/or statutory damages to Mr. Wandke for

23  violations of his civil rights as allowed under state and federal law;

Complaint for Declaratory and Injunctive Relief          WASHINGTON CIVIL & DISABILITY ADVOCATE
**Page 14 of 15**                                                    4115 Roosevelt Way NE, Suite B
                                                                              Seattle, WA 98105
                                                                               (206) 428-3558

7.      Award such additional or alternative relief as may be just, proper, and equitable.

DATED THIS 30th day of March, 2022

By:

*s/ Conrad Reynoldson*
Conrad Reynoldson
WSBA# 48187
conrad@wacda.com
(206) 876-8515

*s/ Marielle Maxwell*
Marielle Maxwell
WSBA# 54957
marielle@wacda.com
(206) 455-6430

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 ROOSEVELT WAY NE, SUITE B, SEATTLE, WA 98105
*Attorneys for Plaintiff Daman Wandke*

Complaint for Declaratory and Injunctive Relief

**Page 15 of 15**

WASHINGTON CIVIL & DISABILITY ADVOCATE
4115 Roosevelt Way NE, Suite B
Seattle, WA 98105
(206) 428-3558